# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SARAH JONES ) | |
|     Plaintiff ) | |
| ) | |
| VS. ) | Case No. 6:19-cv-03209 |
| ) | |
| MHM SUPPORT SERVICES ) | |
|     Defendant ) | JURY TRIAL DEMANDED |

## COMPLAINT

PLAINTIFF, by counsel, sets forth her Complaint against Defendant as follows:

### Allegations Common to All Counts

1. The events giving rise to these causes of action occurred in the Western District of Missouri.

2. Plaintiff's causes of action arise under the laws of the United States of America.

3. Defendant is a nonprofit corporation doing business in Greene County, Missouri, which lies within the geographical jurisdiction of the Western District of Missouri.

4. Plaintiff was an employee of Defendant in Greene County, Missouri at all times relevant to this complaint.

5. Plaintiff worked at the Mercy Surgical Center in Springfield, Greene County, Missouri as a Specialty Account Coordinator.

6. Defendant terminated Plaintiff's employment on or about March 20, 2018.

### Count I – Family and Medical Leave Act

7. Plaintiff incorporates by reference the previous paragraphs.

8. This count is brought pursuant to the Family and Medical Leave Act.

9. Defendant employs more than 50 employees within a 75-mile radius of the location where Plaintiff was employed.

10. Plaintiff worked for Defendant more than 1,250 hours in the 12 months immediately prior to Plaintiff's discharge.

11. Plaintiff was employed by Defendant for more than 1 year prior to the termination of her employment.

12. In or about February and March of 2018 Plaintiff sought leave under the Family and Medical Leave Act to obtain treatment for anxiety and depression.

13. Defendant initially approved Plaintiff's leave.

14. Plaintiff returned to work from her medical leave on or about March 18, 2018.

15. Defendant terminated Plaintiff's employment on or about March 29, 2018.

16. Defendant terminated Plaintiff's employment in retaliation for Plaintiff's exercise of her rights under the Family and Medical Leave Act.

17. As a result of Defendant's actions, Plaintiff has been damaged.

18. Defendant's actions were made with the knowledge and purpose to retaliate against Plaintiff for exercising her legal rights.

WHEREFORE Plaintiff prays the Court for judgment against Defendant for Plaintiff's damages, liquidated damages, punitive damages, attorney fees, costs, and such other relief as is just and proper.

## **Count II – Disability Discrimination**

19. Plaintiff incorporates by reference the above paragraphs.

20. This count is brought pursuant to the Americans with Disabilities Act as Amended.

21. Plaintiff has a "disability" under the ADA, namely anxiety and depression.

22. Defendant terminated Plaintiff because of Plaintiff's disability.

23. As a result of Defendant's actions Plaintiff has been damaged.

24. Defendant's actions were made with the knowledge and purpose to retaliate against Plaintiff for exercising her legal rights.

25. On or about May 3, 2018 Plaintiff filed a Charge of Discrimination with the MCHR and EEOC. A true and accurate copy is attached hereto as Exhibit 1 and incorporated herein by reference.

26. On or about May 14, 2019 Plaintiff obtained a Notice of Right to Sue from the EEOC. A true and accurate copy is attached hereto and incorporated herein by reference.

WHEREFORE Plaintiff prays the Court for judgment against Defendant for Plaintiff's damages, liquidated damages, punitive damages, attorney fees, costs, and such other relief as is just and proper.

## Count III – Perceived Disability Discrimination

27. Plaintiff incorporates by reference the above paragraphs.

28. This count is brought pursuant to the Americans with Disabilities Act as Amended.

29. Defendant's stated reason for terminating Plaintiff's employment was that Plaintiff had violated Defendant's drug and alcohol-free workplace policy.

30. The alleged violation of the policy was that Defendant's agents found an empty box that used to contain synthetic urine in Plaintiff's desk.

31. Possession of said empty box is not a violation of Defendant's drug and alcohol-free workplace policy.

32. Defendant has no policy against the possession of synthetic urine.

33. Plaintiff did not commit any violation of Defendant's drug and alcohol-free workplace policy.

34. Defendant terminated Plaintiff's employment because Defendant wrongfully perceived that Plaintiff was abusing or addicted to illegal drugs.

35. Defendant's belief that Plaintiff was abusing or addicted to illegal drugs was false and unreasonable.

36. Plaintiff was not abusing or addicted to illegal drugs.

37. Defendant knew that Plaintiff had not violated Defendant's drug and alcohol-free workplace policy.

38. Defendant could have ordered Plaintiff to submit to a drug test, and chose not to do so.

39. As a result of Defendant's actions Plaintiff has been damaged.

40. Defendant's actions were made with the knowledge and purpose to retaliate against Plaintiff for exercising her legal rights.

41. On or about May 3, 2018 Plaintiff filed a Charge of Discrimination with the MCHR and EEOC. A true and accurate copy is attached hereto as Exhibit 1 and incorporated herein by reference.

42. On or about May 14, 2019 Plaintiff obtained a Notice of Right to Sue from the EEOC. A true and accurate copy is attached hereto and incorporated herein by reference.

WHEREFORE Plaintiff prays the Court for judgment against Defendant for Plaintiff's damages, liquidated damages, punitive damages, attorney fees, costs, and such other relief as is just and proper.

LAMPERT LAW OFFICE, LLC

By:/s/ Raymond Lampert
    Raymond Lampert, #57567
    2847 S. Ingram Mill Rd., Ste A-100
    Springfield, MO 65804
    Phone: (417) 886-3330
    Fax: (417) 886-8186
    ray@lampertlaw.net
    *Attorney for Plaintiff*